*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# MEMORANDUM OPINION

No. 04-08-00654-CR

Tomas **LOZANO**,
Appellant

v.

**STATE** of Texas,
Appellee

From the County Court at Law No. 11, Bexar County, Texas
Trial Court No. 969703
Honorable Jo-Ann S. De Hoyos, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:   June 17, 2009

AFFIRMED

After the trial court denied his motion to suppress, Tomas Lozano entered a plea of no contest to the charge of driving while intoxicated and was assessed a probated sentence. In a single point of error, Lozano complains the trial court erred in denying his suppression motion. We affirm the trial court's judgment.

## BACKGROUND

The only witness who testified during the suppression hearing was arresting officer John Garcia. Officer Garcia testified he was a twenty-year veteran of the San Antonio Police Department and had made more than a thousand arrests for driving while intoxicated. He stated that at approximately 10:30 p.m. on June 15, 2006, he stopped a vehicle driven by Lozano. Officer Garcia, who was traveling in the same direction as but in front of Lozano, first noticed Lozano's vehicle because it was traveling at a high rate of speed and passing other vehicles traveling "about the normal speed." Using his radar unit, Officer Garcia determined Lozano was driving eighty-nine miles per hour in an area in which the posted speed limit was sixty-five miles per hour. Officer Garcia testified he considered driving twenty-four miles over the speed limit to be reckless given there "was still quite a bit of traffic" on the highway. As Lozano neared, Garcia turned on his emergency lights and slowed to allow Lozano to pass. However, Lozano also slowed his vehicle, eventually to forty-five miles per hour, in an attempt not to pass the officer. Officer Garcia slowed his vehicle and pulled in behind Lozano's car. Lozano came to an abrupt stop on the shoulder of the highway.

When Officer Garcia approached the driver's side door, he noticed the window was almost completely closed with only a two-to-three inch gap. Officer Garcia smelled the odor of intoxicants coming from the vehicle's interior and asked Lozano to open the window completely. Lozano refused. Officer Garcia explained to Lozano he was stopped for speeding and Lozano needed to lower the window and produce his driver's license and insurance information. Lozano turned off the vehicle, removed the key from the ignition, and threw the key somewhere within the car's interior. Officer Garcia repeated his request, and Lozano became agitated and uncooperative. After

threatening several times to use pepper spray, Officer Garcia reached through the window and opened the car door. At some point before opening the door, Lozano admitted to Officer Garcia that he had drunk a couple of beers. After Lozano got out of the vehicle, Officer Garcia noted Lozano's eyes were bloodshot and glassy, his speech was slurred, he was unsure on his feet when he stood, he appeared confused and unable to understand the officer's explanation for stopping him, and his breath exuded a moderate odor of intoxicant. Officer Garcia testified he used his body to keep Lozano between the car door and frame to prevent Lozano from falling into a traffic lane. Because Lozano stopped in a location where Officer Garcia felt it was unsafe to conduct any field sobriety tests, none were administered, and Lozano was handcuffed and arrested for driving while intoxicated.

After the hearing, the trial court denied the motion to suppress. Neither party requested findings of facts and conclusions of law. At the hearing and on appeal, Lozano contends the police did not have sufficient probable cause to arrest him for driving while intoxicated because there was insufficient evidence of intoxication.

## ANALYSIS

We review the trial court's ruling on a motion to suppress under an abuse of discretion standard. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). When findings of fact are neither requested nor entered, we view the evidence "'in the light most favorable to the trial court's ruling' and 'assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record.'" *Harrison v. State*, 205 S.W.3d 549, 552 (Tex. Crim. App. 2006) (quoting *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000)). "[T]he trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their

testimony." *Ross*, 32 S.W.3d at 855. The trial court is entitled to believe or disbelieve all or part of a witness's testimony, even if uncontroverted, because the trial court has the opportunity to observe the witness's demeanor and appearance. *Id.* We therefore give almost total deference to the trial court's determination of historical facts, especially those based on an evaluation of the witnesses' credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). On the other hand, we review *de novo* the trial court's application of the law of search and seizure to the facts. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). We will sustain the trial court's ruling "if it is reasonably supported by the record and is correct on any theory of law applicable to the case." *Dixon*, 206 S.W.3d at 590. We will reverse only if the trial court's ruling is outside the zone of reasonable disagreement. *Id.*

"'Probable cause' for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense." *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009) (citing *Beck v. Ohio,* 379 U.S. 89, 91 (1964)). When analyzing whether facts are sufficient to equal probable cause, we should use a "common-sense" approach and view the facts "as understood by those versed in the field of law enforcement." *Texas v. Brown*, 460 U.S. 730, 742 (1983).

We agree there was probable cause to arrest Lozano for driving while intoxicated because there was sufficient evidence of intoxication. The relevant facts adduced at the hearing include Lozano's admission that he drank two beers, and Officer Garcia's testimony that Lozano exceeded the speed limit by more than twenty miles per hour, slowed to forty-five miles per hour in an attempt

not to pass Officer Garcia after the officer had turned on his flashing lights, stopped his vehicle in an abrupt manner, behaved in an agitated and uncooperative manner when requested to lower his window, had a moderate odor of intoxicants on his breath, was unsteady on his feet, and had bloodshot and glassy eyes, slurred speech, and appeared "confused" and unable to understand the officer's explanation for stopping him.

A person commits the offense of driving while intoxicated if he operates a motor vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003). One is "intoxicated" if he has lost the normal use of his mental or physical faculties due to the ingestion of alcohol. *Id*. § 49.01(2)(A). It was reasonable for Officer Garcia, given his knowledge of the facts, to conclude Lozano had lost the normal use of his faculties due to ingestion of alcohol. Therefore, the trial court did not err in denying the motion to suppress and we affirm the judgment.

Steven C. Hilbig, Justice

Do Not Publish